**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZURICH AMERICAN INSURANCE
COMPANY OF ILLINOIS, a New York
Corporation,

        Plaintiff-Appellee,

 v.

ACCUIRE, LLC, a Florida limited liability
company,

        Defendant-Appellant.

No.   19-17274

D.C. No.
2:18-cv-02065-JAM-AC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 16, 2020**
Pasadena, California

Before: MURGUIA and LEE, Circuit Judges, and KORMAN,*** District Judge.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***   The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Zurich American Insurance Company of Illinois ("Zurich") issued a workers' compensation policy to the former parent of Accuire, LLC ("Accuire"). Accuire separated from its parent company and sought a short-term workers' compensation policy from Zurich based on the experience modification rating it shared with its former parent. As payment under that agreement, Zurich charged Accuire an initial amount, which the parties agree constituted an estimate, subject to adjustment based on a payroll audit to be completed at the conclusion of the policy period. Shortly after, the California Workers' Compensation Insurance Rating Bureau increased Accuire's experience modification rating and Zurich issued an endorsement reflecting this change to Accuire.

Zurich conducted its payroll audit and provided the results to Accuire. Based on the audit, Zurich demanded payment of an additional premium totaling $491,614. Accuire refused to pay because, notwithstanding any endorsements or rate changes, it claimed that Zurich had orally assured Accuire that its rates and costs would remain the same as they had been under the policy covering its former parent.

Zurich then sued Accuire for breach of contract and moved for summary judgment. Accuire failed to timely oppose the summary judgment motion under the district court's local rules. A week after the local rule deadline passed, Accuire filed an *ex parte* application for leave to file a late opposition and attached its proposed response to the motion. The district court denied the application in a minute order

and then granted Zurich's motion for summary judgment. Accuire appeals.

Accuire argues that it should have been allowed to late file its opposition to summary judgment. Contrary to Zurich's contentions, this panel may hear Accuire's challenge to the district court's order denying leave to late file even though Accuire did not specifically identify this order in its notice of appeal. *See Hall v. City of L.A.*, 697 F.3d 1059, 1070–71 (9th Cir. 2012). But the district court did not err in denying Accuire leave to late file.

Accuire asserts that the district court was required to conduct a four-factor balancing test for "excusable neglect" under *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380 (1993), rather than evaluating Accuire's application under a "good cause" standard. However, a district court need not "consider expressly the equitable factors listed in *Pioneer*" in determining whether to allow filing after expiration of a deadline under Rule 6(b), particularly where the movant has simply made a mistake as to the local procedural rules. *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996). Therefore, the district court's determination that Accuire failed to show good cause based on a calendaring error and "technical computer circumstances" was permissible.

The local rule may set an overly strict deadline—two weeks in most cases—for a respondent to file an opposition to a motion for summary judgment. Nevertheless, the district court's order granting summary judgment analyzed and

3

correctly rejected on the merits the defenses raised to enforcement of the contract. Specifically, it held that under California law, Accuire's parol evidence of prior assurances about rates and costs is inadmissible to contradict the terms of a fully integrated agreement like the one between Accuire and Zurich. *See Masterson v. Sine*, 436 P.2d 561, 563 (Cal. 1968). Moreover, it found similarly meritless Accuire's claims that it cannot be bound because its representative failed to read the contract before agreeing to it, or that Zurich improperly modified rates by endorsement. *See Vernon v. Drexel Burnham & Co.*, 125 Cal. Rptr. 147, 151–52 (Cal. Ct. App. 1975). In sum, none of the purported disputes of material fact offered by Accuire on appeal precluded the district court from granting summary judgment.

**AFFIRMED.**